UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRAIG BURKETT** **AND COURTNEY BURKETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5320** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | **SECTION "B"(2)** |

## ORDER AND REASONS

Considering plaintiffs Craig Burkett and Courtney Burkett's first amending and supplemental complaint (Rec. Doc. 12) and parties' memoranda on the effects of the addition of Louisiana Insurance Guaranty Association ("LIGA") as a defendant (Rec. Docs. 13; 14),

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson.

The Court permitted plaintiffs' leave to amend their complaint to add LIGA as a defendant, but in so doing, also required parties to submit memoranda on the effect the addition would have on our subject matter jurisdiction under 28 U.S.C. § 1332. *See* Rec. Doc. 11. In their memorandum, plaintiffs contend that the addition of LIGA strips the Court of jurisdiction "because complete diversity no longer exists in this case." Rec. Doc. 13 at 2. As both plaintiffs and defendant LIGA are Louisiana citizens, plaintiffs suggest that the case should be remanded to state court. *See id.* at 2–3.

Although misconstruing plaintiffs' action as a substitution of parties and not an amendment of the complaint, LIGA does not contradict plaintiffs' underlying arguments. *See* Rec. Doc. 14 at 1. While not providing its citizenship for diversity jurisdiction purposes, LIGA does submit it has various ties to Louisiana. *See id.* ("LIGA is a Louisiana private nonprofit unincorporated legal entity created pursuant to La. R.S. § 22:2056; domiciled in the Parish of East Baton Rouge, State

1

of Louisiana pursuant to La. R.S. § 22:2058(C)(2); with its primary place of business located at 2142 Quail Run Drive, Baton Rouge, Louisiana 70808."). The Fifth Circuit has determined LIGA has the citizenship for diversity purposes of each of its constituent member insurers. *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). Other sections of the Eastern District court have concluded that a constituent member of LIGA has Louisiana citizenship; thereby, LIGA adopts the citizenship of Louisiana. *See, e.g., Soza v. S. Fid. Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023) (Vitter, J.); *Andry v. United Property and Casualty Ins.*, No. 22-4544, 2023 WL 6442866, at *1 (E.D. La. Oct. 3, 2023) (Fallon, J.); *McDonald v. United Prop. & Cas. Ins. Co.*, No. 22-3757, 2023 WL 6464772, at *2 (E.D. La. Oct. 4, 2023) (Morgan, J.); *14th St. Properties, LLC v. S. Fid. Ins. Co.*, No. 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (Brown, C.J.); *Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023) (Ashe, J.).

As plaintiffs and LIGA are Louisiana citizens, subject matter jurisdiction under 28 U.S.C. § 1332 is lost. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted) ("The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) ("[A]ddition of a nondiverse party will defeat jurisdiction."). Therefore, this case must be remanded. *See Soza v. S. Fid. Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023) ("Because the Court is granting the Motion for Leave and allowing Plaintiffs to amend their original Petition to name LIGA, a non-diverse defendant, § 1447(e) requires this Court to remand the matter to [state court], for lack of subject matter jurisdiction.").

As this case was removed from the 24th Judicial District Court for the Parish of Jefferson, *see* Rec. Doc. 1 at 1, remand is proper to that state court.

New Orleans, Louisiana, this 27th day of November, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE